# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES SINGLETON, | CV F   03 5557 REC LJO P |
| Plaintiff, | |
| v. | ORDER GRANTING REQUEST FOR AN EXTENSION OF TIME (Doc. 31.) |
| MORALES, et. al., | |
| Defendants. | |

Charles Singleton ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On July 19, 2005, Plaintiff moved for an extension of time so that he could do more legal research in order to respond to the Court's most recent order.

On December 7, 2004, Defendants filed a Motion to Dismiss the action pursuant to Rule 12(b) for Plaintiff's failure to exhaust administrative remedies. Local Rule 78-230(c) provides that the time for filing an Opposition to the granting of any motion be "personally served on opposing counsel not less than fourteen (14) days preceding the hearing date or mailed . . . not less than seventeen (17) days preceding the hearing date." Local Rule 78-230(c).  In this case, Plaintiff did not file an Opposition to the Motion.  Thus, on June 16, 2005, the Court issued an Order directing Plaintiff to file an Opposition or Statement of Non-Opposition as required by the

Local Rules. As noted above, Plaintiff moved for an extension of time to file his Opposition so that he can conduct further research. Plaintiff states that his law library access is limited, that he is uneducated in the law, and that he needs the time in light of the Supreme Court's most recent opinion stating that state prisons place a burden on religious exercise.

The Court will grant Plaintiff's request for an extension of time. However, no further extensions will be granted. The Motion filed by Defendants is based on Plaintiff's failure to exhaust administrative remedies with respect to Plaintiff's allegations against Defendant Perez. Thus, an Appropriate response to the Motion should address whether or not Plaintiff did exhaust his administrative remedies and not the Supreme Court's most recent opinion on religious freedoms in the state prisons. In addition, the Court notes that this Motion was filed by Defendants in December of 2004. Thus, Plaintiff has had more than six months to formulate a response. Although the Court will grant Plaintiff a thirty day extension of time to file his Opposition, no further extensions will be granted but upon a showing of extremely good cause.

The Court HEREBY ORDERS:

1. The Motion for an Extension of time is GRANTED;
2. The Opposition is due no later than thirty (30) days from the date of service of this order.

IT IS SO ORDERED.

**Dated:   July 26, 2005**          _____/s/ Lawrence J. O'Neill_____
b9ed48                              UNITED STATES MAGISTRATE JUDGE