# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CHARLES SINGLETON,

Plaintiff,

v.

MORALES and A. PEREZ,

Defendants.

_______________________________________/

CV F 03 5557 REC LJO P

FINDINGS AND RECOMMENDATIONS REGARDING MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT (Doc. 28)

**I. PROCEDURAL HISTORY**

Charles Singleton ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on May 5, 2003, alleging a violation of his First Amendment rights by Defendant Morales. (Doc. 1.) On May 9, 2003, Plaintiff filed a Supplement to the Complaint adding Defendant A. Perez and also alleging a First Amendment violation. The Court considered the documents together and on October 3, 2003, issued an Order finding the claims cognizable. (Doc. 13.) The Court ordered service of the Complaint on Plaintiff's behalf on November 13, 2003. (Doc. 16.) Defendants waived service on January 26, 2004. (Docs 21, 23.)

On December 7, 2004, Defendants filed a Motion to Dismiss and Motion for Summary Judgment. (Doc. 28-1, 28-2.) Plaintiff filed his Opposition to the Motions on July 26, 2005. (Doc. 33.)

//

## II. UNENUMERATED 12(b) MOTION TO DISMISS - EXHAUSTION

### A. Procedural Standard

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (*citing* to Booth, 532 U.S. at 739 n.5).

According to the Ninth Circuit, there are two principal policies behind the administrative exhaustion rule: The first is to protect an administrative agency's authority by giving the agency the first opportunity to resolve a controversy before a court intervenes in the dispute. Ngo v. Woodford, 403 F.3d 620, 624 (9th Cir. 2005). The second is to promote judicial efficiency by either resolving the dispute outside of the courts, or by producing a factual record that can aide the court in processing a plaintiff's claim. Id. Thus, exhaustion must occur prior to filing suit and Plaintiff may not exhaust while the suit is pending. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084, et seq. "Any inmate or parolee under the department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Id. at 3084.1(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Cal. Code Regs. tit 15, § 3084.5 (2004).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (*citing* Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (*per curiam*)). In resolving a Motion to Dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

**B. Analysis**

***1. Exhaustion***

Defendant's allege that Plaintiff's allegation of religious property deprivation occurring on April 28, 2003, was not presented to the Director's level (third formal level) prior to the initiation of this action. As such, the action must be dismissed.

In support, Defendants present the Court withe Declaration of N. Grannis, Chief of the Inmate Appeals Branch in Sacramento, California. (Exh. A, Motion to Dismiss [hereinafter "Grannis Decl."].) Attached to the Grannis Declaration is a copy of the search results for all appeals submitted by Plaintiff between October 7, 2002, and May 29, 2003. (Attach. A, Grannis Decl.) This document shows that Plaintiff filed three appeals, two concerning transfers and one, Log. No. 02-1028, which concluded prior to the events at issue here.[1] Attachment 2 to the Grannis Declaration is a copy of the actual appeal assigned Log. No 02-1028, which clearly demonstrates that the allegations made were against Defendant Morales and did not concern the events that took Place on April 28, 2003. (Attach. 2, Grannis Decl.)

Finally, Defendants present the Court with the Declaration of C.S. Murdoch, Appeals Coordinator at Avenal State Prison ("ASP"), that states that for Plaintiff filed no appeals after

[1]Defendants concede in their Statement of Undisputed Facts that this appeal concerned the allegations made in this Complaint against Defendant Morales. (Motion to Dismiss at 8; UF # 2.)

April 18, 2003, and that an appeal of an event that occurred on April 28, 2003, would have to be filed no later than May 19. 2003. (Declaration of C.S. Murdoch [hereinafter "Murdoch Decl."] at ¶ 4, 7.) Defendants assert that because Plaintiff filed the instant action on May 5, 2003, prior to the expiration of the time for filing a timely appeal of the April 28, 2003, incident and no appeal was filed, the allegation is necessarily unexhausted.

As noted above, Plaintiff did file an Opposition to the Motion to Dismiss and Motion for Summary Judgment, however, Plaintiff does not address Defendants assertion that he failed to exhaust the claim against Defendant Perez. Plaintiff argues only the merits of his First Amendment claims. As Plaintiff has presented no evidence to contradict that provided by Defendant, the Court concludes that Plaintiff has failed to exhaust his administrative remedies with regard to his First Amendment claim against Defendant Perez.

***2. Total Exhaustion Rule***

Defendants also assert that the Court must dismiss the entire action because it contains both exhausted and unexhausted claims.

Currently, there is a split of authority among courts concerning whether, in a complaint containing both exhausted and unexhausted claims, the entire action or only the unexhausted claims should be dismissed. See, Ortiz v. McBride, 308 F.3d 649 (2nd Cir. 1999) (District Court may consider exhausted claims even though it must dismiss unexhausted claims.); Bey v. Johnson, 407 F.3d 801 (6th Cir. 2005) (a civil rights action containing both exhausted and unexhausted claims must be dismissed in its entirety); Kozohorsky v. Harmon, 332 F.3d 1141, 1144 (8th Cir. 2003.) (same); Graves v. Norris, 218 F.3d 884 (8th Cir. 2000); Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004) (same). The Ninth Circuit has yet to provide guidance on this issue. In any event, as the undersigned has previously rejected the total exhaustion rule, see, Richardson v. Jurcak, CV-F-02-5672 REC LJO P, the Court will recommend dismissal of only the unexhausted claim.

## III. MOTION FOR SUMMARY JUDGMENT

### A. Summary Judgment Standard

Summary judgment is appropriate when it is demonstrated that there exists no genuine

issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Rule 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for

the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (*quoting* Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Rule 56(c). The evidence of the opposing party is to be believed, Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, Matsushita, 475 U.S. at 587 (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)(*per curiam*). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987).

Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

**B. Undisputed Facts**[2]

1. Plaintiff's Koran was not rendered useless. (Complaint at § IV, ¶¶ 5, 13.)

---

[2]Although Plaintiff submitted an Opposition to the Motion to Dismiss and for Summary Judgment, Plaintiff admitted or denied the facts set forth by Defendants nor did he file a separate Statement of Disputed Facts. Local Rule 56-260(b). Therefore, the Court compiled the Statement of Undisputed Facts from Defendants' Statement of Undisputed Facts, Plaintiff's verified Complaint and his Opposition. Johnson v. Meltzer, 134 F.3d 1393, 1399-1400 (9th Cir. 1998) (verified Complaints and Oppositions constitute opposing affidavits for purposes of the summary judgment rule if they are based on facts within the pleader's personal knowledge). For the purposes of this Motion, the Court accepts Defendants' version of the facts where Plaintiff's verified Complaint and Opposition are not contradictory.

**C. Analysis**

Plaintiff alleges that Defendant Morales violated his First Amendment Rights by verbally harassing him about his religion and damaging his Holy Koran. (Complaint at § IV.)

The First Amendment to the United States Constitution provides that Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof. U.S. Const., amend. I. The United States Supreme Court has held that prisoners retain their First Amendment rights, including the right to free exercise of religion. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). The Court has also recognized that limitations on a prisoner's free exercise rights arise from both the fact of incarceration and from valid penological objectives. Id.; McElyea v. Babbit, 833 F. 2d 196, 197 (9th Cir. 1987).

In order to establish a violation of the First Amendment right to free exercise of religion, a prisoner must show the defendants burdened the practice of his religion by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate penological interests. Freeman v. Arpaio, 125 F.3d 732 (9th Cir.1997). "In order to reach the level of a constitutional violation, the interference with one's practice of religion must be more than an inconvenience; the burden must be substantial and an interference with a tenet or belief that is central to religious doctrine." Id. at 737 (internal quotations and citations omitted).

Plaintiff's allegations concerning his verbal harassment by Defendant Morales fails as a matter of law. The Ninth Circuit has held that "'[v]erbal harassment or abuse ... is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.'" Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir.1997); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended,* 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guards not enough to implicate 8th Amendment); Somers v. Thurman, 109 F.3d 614, 622 (9th Cir. 1997), *cert. denied*, 118 S.Ct. 143 (1997) (verbal insults do not create a constitutional deprivation); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (vulgar language directed at prisoner does not state a constitutional claim.)

With regard to the allegation that Defendant Morales violated his First Amendment right, Defendants assert that Plaintiff has failed to show that there exists a disputed issue of material

fact warranting trial. Defendants provide evidence that the alleged destruction of his Holy Koran by Defendant Morales. (Exh. C, Motion.) In addition, Defendants assert that a damaged Koran would not place a substantial burden on Plaintiff's religious practice such that it would constitute a constitutional violation.

As noted by Defendant, Plaintiff concedes in his Complaint that his Koran was not rendered useless. (Complaint at § IV, ¶¶ 5, 13.) Plaintiff states that the book binding was broken and that some pages had scattered on the floor. (Complaint at § IV, ¶ 5.) Plaintiff states further that he tried to put it back together but had difficulty because the pages were not numbered. (Complaint at § IV, ¶ 13.) Defendants assert that Plaintiff could have compared his copy with a bound copy of the Koran, which might have been an inconvenience but not a "substantial" burden on his ability to practice his religion. The Court finds that defendants have met their initial burden of informing the court of the basis for their motion, and identifying those portions of the record which they believe demonstrate the absence of a genuine issue of material fact. The burden therefore shifts to plaintiff to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). As stated above, in attempting to establish the existence of this factual dispute, plaintiff may not rely upon the mere allegations or denials of his pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Rule 56(e); Matsushita, 475 U.S. at 586 n.11; First Nat'l Bank, 391 U.S. at 289; Strong v. France, 474 F.2d 747, 749 (9th Cir. 1973).

Although Plaintiff repeats his assertions that the events described in his Complaint actually took place, he presents no evidence to support his allegation that Defendant Morales damaged his Holy Koran. Even assuming Plaintiff did present such evidence, the Court finds Plaintiff fails to demonstrate a genuine issue of fact warranting trial.

The undisputed facts are that Plaintiff's Koran was not rendered useless. (Undisputed Fact #1.) In addition, although Plaintiff states that it took him "months" to obtain another Holy Koran, (Unmarked Opposition at 3), he does not allege or provide evidence that the damaged Koran precluded him from participating in the free exercise of his religion. As noted above, to

reach the level of a constitutional violation, the interference with one's practice of religion must be "more than an inconvenience; the burden must be substantial." Freeman v. Arpaio, 125 F.3d 732, 736 (9th Cir. 1997.) Such a burden must constitute an interference with a tent or belief that is central to and mandated by his religion. See, Bryant v. Gomez, 46 F.3d 948, 949 (9th Cir. 1995.) Here, Plaintiff presents no evidence to support a finding that a damaged Koran placed a substantial burden on the practice of his religion.

**IV. CONCLUSION AND RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Motion to Dismiss the First Amendment claim against Defendant Perez be GRANTED, the Motion for Summary Judgment on the First Amendment claim against Defendant Morales be GRANTED, the case be DISMISSED and the Clerk of Court be DIRECTED to enter Judgment.

The Court further ORDERS that these Findings and Recommendations be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within FIFTEEN (15) days after being served with a copy of these Findings and Recommendations, any party may file written Objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served and filed within TEN (10) court days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file Objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: August 25, 2005** **/s/ Lawrence J. O'Neill**
b9ed48 UNITED STATES MAGISTRATE JUDGE